UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAROLE D. BURTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. H-05-3804 |
| | § | |
| DARLENE VELTRI, Warden, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER
DENYING BURTON'S PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court in this federal habeas corpus proceeding is Petitioner Karole D. Burton's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Document No. 1), Respondent's Answer to the Petition and Motion and Memorandum to Deny the Petition (Document No. 9), Petitioner's Response to Respondent's Answer (Document No. 13), and Petitioner's Addendum Response (Document No. 15). After reviewing Petitioner's Application for Writ of Habeas Corpus, the claims raised therein, and the applicable law, the Court ORDERS, for the reasons set forth below, that Petitioner's Application for Writ of Habeas Corpus is DENIED and the Respondent's Motion to Deny the Petition is GRANTED.

**I.      Procedural History**

On February 9, 2004, Karole D. Burton ("Burton") was sentenced, in the United States District Court for the Western District of Texas, to six months incarceration on a misdemeanor

conviction for theft of government property. A one year term of supervised release was also imposed.

On January 24, 2005, while on supervised release, Burton was arrested and charged with criminal trespass with a deadly weapon in the Bexar County Criminal Court of Law No. 2, Cause No. 913370. Burton was released on bond the next day, January 25, 2005. Following her release, Burton was again arrested, on February 5, 2005, and charged with theft of property under $1500, this time in the 186th District Court of Bexar County, Texas, Cause No. 2005-CR-1882W. Burton was not released on bond on that offense. On May 2, 2005, Burton was convicted of that theft offense and was sentenced to six months imprisonment. On May 12, 2005, she was convicted of the trespass offense and was sentenced to a term of incarceration of five months and one day.

While in state custody serving her sentence on those two state law offenses, Burton was temporarily removed from state custody by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum, to answer charges made by the United States Probation Department, that she had violated the terms of her supervised release. Following a hearing before the Court in the Western District of Texas, Burton's supervised release was revoked, and she was ordered to serve an additional twelve months incarceration in the Bureau of Prisons, with that term of imprisonment "to run consecutive to any other sentence." (*See infra* p. 5).

On June 16, 2005, following the revocation of her supervised release, Burton was returned to state custody to serve her state sentences. A federal detainer was placed upon Burton by the Marshals service to ensure Burton's appearance, following the expiration of her state sentences, to serve the one year sentence imposed upon the revocation of her federal supervised release. On August 2, 2005, Burton was released from state custody and self-surrendered to serve her term of

federal imprisonment at the Federal Detention Center in Houston, Texas, within this District. Burton has a projected release date of August 9, 2006, via Full Term release.

On November 18, 2005, Burton filed an Application for Writ of Habeas Corpus (Document No. 1), citing 28 U.S.C. § 2241 as the authority for the relief request. It is that petition which is before the Court and that Respondent argues is subject to dismissal.

**II.     Discussion**

Burton raises one claim in her § 2241 Petition: she should receive credit toward her current federal sentence for time she spent in state custody and temporary federal custody. In subsequent pleadings, however, Burton states she "is asking the Court to consider her request to designate the state prisons (jails) in which she served her state sentence as a place of federal confinement *nunc pro tunc,* thus giving Petitioner credit for some or ALL [sic] of the time she spent in state custody." (Document No. 13, at 1-2).

In response to Petitioner's claim, Respondent, Darlene Veltri ("Veltri") argues that Burton failed to exhaust her administrative remedies through the BOP and therefore this proceeding should be dismissed. (Document No. 9, at 2). Alternatively, even if Burton did exhaust her administrative remedies, Veltri contends she is not entitled to prior custody credit because her sentence was correctly computed by the BOP. Veltri also argues that a *nunc pro tunc* designation cannot be granted by this Court because such a designation is "statutorily conferred upon the BOP pursuant to 18 U.S.C. § 3621," and furthermore, the BOP did not abuse its discretion in refusing to award Burton a *nunc pro tunc* state designation. (Document No. 10, p. 8-9).

3

As an initial matter, it appears that the United States District Court for the Western District of Texas has already rejected the relief Burton requests herein. In an order entered on October 3, 2005, Judge Mathy wrote:

> The Court has received movant Burton's proposed Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. After reviewing movant's proposed motion the Court notes she does not state a claim upon which § 2255 relief may be granted [sic] instead she seeks reconsideration of the one-year prison term which this Court imposed after finding movant had violated the terms of her supervised release. Specifically movant asks the Court to modify her sentence to include that she serve time in community confinement in lieu of prison. Movant claims her imprisonment creates an undue hardship on her minor children.
> 　　To the extent movant Burton's motion seeks relief under § 2255, her motion is dismissed without prejudice for failure to state a claim upon which § 2255 relief may be granted.
> 　　To the extent movant Burton seeks modification of her sentence, a review of her sentencing history is warranted. This Court originally sentenced movant Burton on February 9, 2004, to 6 months' custody with the United States Bureau of Prisons followed by one year of supervised release for the misdemeanor offense of government property. In February 2005, the Respondent moved for the revocation of movant Burton's supervised release because Movant had violated his [sic] supervised release ([d]ocket entry no. 26). On June 8, 2005, the Court found that movant Burton had violated her conditions of supervised release, and after due consideration of all statutorily-required factors and the revocation policy statements, the Court revoked movant Burton's supervised release pursuant to 18 U.S.C. § 3583(e)(3) and remanded movant Burton to the custody of the United States Bureau of Prisons for a period of 12 months' imprisonment.
> 　　Movant Burton now claims her 12 month sentence is unusually harsh given the hardship her incarceration poses on her family. The Court disagrees her sentence is unduly harsh in light of movant's extensive criminal history. *See* Docket entry no. 22. Moreover, a review of the record shows the Court properly considered and followed all statutorily required factors and the revocation policy statements, and revoked Movant's supervised release pursuant to 18 U.S.C. § 3583(e)(3). Regardless, the main problems with movant Burton's instant motion for modification is that this court does not retain plenary jurisdiction over an otherwise final Judgment or Order Revoking Supervised Release. Absent some specific authority

> permitting this Court to modify an otherwise final Order of Revocation, this Court cannot alter or amend its Order of June 8, 2005. Accordingly, to the extent movant's motion seeks modification of her June 8, 2005, sentence, said request is DENIED.
> *To the extent movant Burton's motion seeks credit for time served in state custody prior to the revocation of her supervised release and sentencing in federal court, said request is DENIED. A review of the judgment order revoking her supervised release shows the Court knew of her state custody and explicitly ordered that her federal sentence run consecutive to any other sentence.*
> It is so ORDERED.

Document No. 9, Appendix pg. 17 (emphasis added).

To the extent Judge Mathy's Order cannot be construed as the final determination on this matter, as argued by Respondent, no relief is available to Burton on the claims she raises herein.

    **A.**    **Exhaustion of Administrative Remedies**

Habeas relief under 28 U.S.C. § 2241 is available for persons in custody in violation of the Constitution, laws or treaties of the United States in the jurisdiction in which the person is being held. 28 U.S.C. § 2241(c)(3); *see also Rosales v. Bureau of Immigration and Customs Enforcement,* 426 F.3d 733, 735 (5th Cir. 2005) ("An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for violation of federal law"). A petition under § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration . . . ." *Pack v. Yusuff,* 218 F.3d 448, 451(5th Cir. 2000).

Proceedings pursuant to 28 U.S.C. § 2241 must be filed in the district in which the prisoner is incarcerated. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."); *see also Pack*, 218 F.3d at 451 (requiring that the petition be filed in the same district where prisoner is incarcerated). Burton is currently designated at the Federal Detention Center in

Houston, Texas. *Supra*, p. 2. Therefore, Petitioner is properly subject to the jurisdiction of this Court.

However, a federal prisoner who challenges the manner in which his sentence is being served or executed must exhaust his administrative remedies with the BOP prior to bringing his challenge in a § 2241 proceeding. *See Rourke v. Thompson*, 11 F.3d 47, 49-50 (5th Cir. 1993) (citing *United States v. Gabor,* 905 F.2d 76, 78 n.2 (5th Cir. 1990)); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)*; United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Exceptions to the requirement that prisoners must exhaust all available administrative remedies include when the relief sought is "either unavailable or wholly inappropriate" or where the attempt to seek remedy would be "patently futile." *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).

Burton has offered no evidence that she has exhausted all her administrative remedies. *See* Declaration of Eric Hammonds, Document No. 9, Appendix p.3 ("Petitioner has not filed any administrative remedies with the Bureau concerning the issue of improper sentence or improper award of prior credit"). Although Burton presented six prior requests for administrative remedies, none of these requests pertained to Burton's credit for time served or the designation by the Bureau of Prisons of her place of confinement. *Id*. Furthermore, because an administrative remedy for requesting time credit is available to Burton through the BOP, and because there has been no showing that an attempt to exhaust such remedies would be futile, Petitioner's request does not warrant an exception to the administrative exhaustion principle set forth above.

    **B.**    **Nunc Pro Tunc Designation**

The authority to designate a state facility for service of a federal sentence *nunc pro tunc* rests with the Attorney General or the BOP, as its delegate. 18 U.S.C. § 3621; *Barden v. Keohane*, 921

F.2d 476, 483 (3rd Cir. 1990). It is within the BOP's "sound discretion" to grant such relief, and petitioners are entitled to "fair treatment" of a *nunc pro tunc* application. *Id*. Credit for prior custody is governed by 18 U.S.C.A. § 3585(b). The statute prohibits defendants from receiving credit for service of a term that has already been credited against another sentence. *See* 18 U.S.C.A. § 3585(b). Furthermore, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C.A. § 3584(a).

Burton provides no evidence that the federal sentencing court intended Burton's sentence to be served concurrently with her state sentence. In fact, the Order from the Western District of Texas specifically states, "A review of the judgment order revoking her supervised release shows the Court knew of her state custody and explicitly ordered that her federal sentence run *consecutive* to any other sentence." (*See supra* note 1) (emphasis added). Therefore, given that the sentence was intended to run consecutively, not concurrently, the BOP did not abuse its discretion in denying Burton's request for a *nunc pro tunc* designation.

### III.   Order

Based on the foregoing and the Conclusion that no relief is available to Burton on her claim(s), it is ORDERED that the Respondent's Motion to Deny the Petition (Document No. 9) is GRANTED and Petitioner's Application for Writ of Habeas Corpus (Document No. 1) is DENIED.

Signed at Houston, Texas, this 3rd day of August, 2006.

Frances H. Stacy
United States Magistrate Judge